[Cite as *State v. Grissom*, 2019-Ohio-3687.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-4 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-258 |
| | : | |
| EVAN GRISSOM | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of September, 2019.

. . . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
      Attorney for Plaintiff-Appellee

MICHAEL RIEMAN, Atty. Reg. No. 0088297, 210 West Main Street, Troy, Ohio 45373
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Evan M. Grissom purports to appeal his conviction for one count of pandering sexually oriented matter, in violation of R.C. 2907.322(A)(1), a felony of the second degree. Grissom filed a timely notice of appeal with this Court on March 4, 2019.

{¶ 2} On July 20, 2018, Grissom was indicted for the following offenses: Count I: possession of a weapon on school property, in violation of R.C. 2923.122(A); Counts II and III: illegal use of a minor in nudity oriented material or performance, in violation of R.C. 2907.323(A)(1); Count IV: pandering sexually oriented matter, in violation of R.C. 2907.322(A)(1); Count V: menacing by stalking, in violation of R.C. 2903.211(A)(1); and Count VI: telecommunication harassment, in violation of R.C. 2917.21(A)(1). At his arraignment on July 27, 2018, Grissom pled not guilty to the charged offenses and was released from custody on his own recognizance.

{¶ 3} On August 6, 2018, Grissom filed a motion to suppress evidence seized by the police pursuant to a search warrant issued regarding the contents of his cellphone. A hearing was held on said motion on October 25, 2018, wherein the parties stipulated to the admission of the probable cause affidavit which formed the basis of the search warrant at issue. The parties submitted supplemental briefs on October 26, 2018. On November 1, 2018, the trial court issued a decision overruling Grissom's motion to suppress.

{¶ 4} On December 12, 2018, Grissom pled guilty to Count I: possession of a weapon on school property. Grissom also pled no contest to amended Counts II and III: *attempted* illegal use of a minor in nudity oriented material or performance. In exchange for Grissom's guilty and no contest pleas, the State agreed to dismiss remaining Counts

IV, V, and VI. On December 19, 2018, the trial court journalized Grissom's plea agreement, found him guilty, and ordered a presentence investigation. On February 6, 2019, the trial court sentenced Grissom to nine months in prison on each of Counts I, II, and III, to be served concurrently, for an aggregate sentence of nine months. Grissom was also designated a Tier II sex offender.

**{¶ 5}** It is from this judgment that Grissom now appeals.

**{¶ 6}** Grissom's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN FAILING TO SUPPRESS ALL EVIDENCE

OBTAINED FROM A SEARCH WARRANT ISSUED TO CONDUCT A

SEARCH OF THE DEFENDANT'S PHONE BASED UPON AN AFFIDAVIT

DATED MAY 5, 2018. * * *

**{¶ 7}** Initially we note that, in his brief, Grissom asserts that he is only appealing "his conviction related to Pandering Sexually Oriented Matter contrary to O.R.C. 2907.322(A)(1) based upon the information gained through the search warrant." However, as previously stated, Count IV (pandering sexually oriented matter), Count V (menacing by stalking, and Count VI (telecommunication harassment) were dismissed as part of the plea agreement between Grissom and the State.

**{¶ 8}** The record clearly establishes that in exchange for dismissal of the aforementioned counts, Grissom pled guilty to Count I (possession of a weapon on school property); he also pled no contest to amended Counts II and III (attempted illegal use of a minor in nudity oriented material or performance).

**{¶ 9}** Simply put, Grissom was not convicted of pandering sexually oriented matter. The fact that Grissom's argument on appeal is limited to a dismissed count of pandering

sexually oriented matter renders his argument moot.   Thus, we need not address the merits of his argument.   In light of the foregoing, Grissom's sole assignment of error is overruled, and the judgment of trial court is affirmed.

. . . . . . . . . . . .


FROELICH, J. and HALL, J., concur.


Copies sent to:

Paul M. Watkins
Michael Rieman
Hon. Jeannine N. Pratt